UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CRISTINA GUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:24-CV-143 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Cristina Guzman, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner of Social Security's denial of disability benefits. (Docket No. 2.) Plaintiff claims that she has been permanently disabled since 2020 due to bipolar disorder, depression, anxiety, and thyroid problems. (*See* Tr. 214, 224.) In this action, Plaintiff alleges that the Administrative Law Judge erred in denying her disability benefits by relying on "facts [that] are not supported by substantial evidence in the record." (Docket No. 2, at 3.) Other than filing her original "shell" complaint, Plaintiff has taken no further action in this case.

As discussed below, Plaintiff has failed to prosecute this action, including failing to respond to the Commissioner's Answer, its Administrative Transcript, or the Clerk's "Notice." (Docket Nos. 4, 5.) Accordingly, the undersigned recommends that this action be dismissed without prejudice for failure to prosecute.

### I. BACKGROUND

In October 2021, Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under sections 216(i) and 223 of Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and section 1614(a)(3)(A) of Title XVI of the Social

Security Act, 42 U.S.C. §§ 1381-83f, respectively. (*See* Tr. 182-93.) In her application, Plaintiff alleged that she became disabled on April 1, 2020. (Tr. 182, 186.) She identified bipolar disorder, depression, anxiety, and thyroid problems as the conditions that prevented her from working. (*See* Tr. 214, 224.) Plaintiff's applications were denied initially and on reconsideration. (Tr. 74-75, 84, 93.) Plaintiff then requested a hearing before an ALJ, which was held on August 24, 2023. (*See* Tr. 38-63.) The ALJ issued a written decision on October 19, 2023, finding that Plaintiff was not disabled because she was able to perform a limited range of light work that included jobs existing in significant numbers in the national economy. (Tr. 16-24.)

Plaintiff filed a request with the Social Security Administration's Appeals Council to review the ALJ's adverse decision. (Tr. 34-35.) However, it was untimely filed. (Tr. 4 ("The request for review filed on December 28, 2023, was not filed within 60 days from the date notice of the decision was received.").) In addition, Plaintiff failed to respond to the Appeals Council's "notice to show good cause for late filing." (*Id.*) Based on this, the Appeals Council found "that there [was] no good cause to extend the time for filing and, accordingly, dismisse[d] the claimant's request for review." (*Id.*) As such, "[t]he Administrative Law Judge's decision stands as the final decision of the Commissioner." (*Id.*)

On April 5, 2024, Plaintiff filed this action, challenging the Commissioner's denial of her application for disability benefits. (Docket No. 2.) As noted, in her Complaint she alleges—in a generalized manner—that the Administrative Law Judge erred in denying her disability benefits by relying on "facts [that] are not supported by substantial evidence in the record."[1] (*Id.* at 3.) The Commissioner filed an Original Answer to Plaintiff's Complaint, including "a certified

---

[1] Notably, Plaintiff made this allegation by checking the box in the section where she is supposed to state her claim. (*See* Docket No. 2, at 3.)

2

electronic copy of the transcript of the administrative proceeding in this case." (Docket No. 4; *see also* Attached Exhibits.) Plaintiff did not respond to the Commissioner's Answer, the Commissioner's Administrative Transcript, or the Clerk's "Notice Regarding Consent." (Docket Nos. 4, 5.) In fact, other than filing her original "shell" complaint, Plaintiff has taken no further action in this case.

## II.  ANALYSIS

Plaintiff's action challenging the Commissioner's denial of disability benefits is subject to dismissal for failure to prosecute. "The authority of a federal trial court to dismiss a plaintiff's action because of her failure to prosecute is clear." *Boss v. Astrue*, No. 09-cv-7290, 2010 WL 4364617, at *2 (E.D. La. Sept. 27, 2010) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962)). Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)); *see also Turner v. Soc. Sec. Admin.*, No. 3:14-CV-966, 2014 WL 7232075, at *1 (N.D. Tex. Dec. 1, 2014) (applying dismissal under Rule 41(b) to a social security claimant proceeding *pro se*). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Here, as noted, Plaintiff is not represented and is proceeding pro se. The responsibility for prosecuting her case challenging the Commissioner's denial of benefits rests exclusively with her. She has failed to do so. As noted, since filing her "shell" Complaint, she has been wholly inactive in this proceeding. As such, there is a clear record of delay and failure to prosecute without excuse.[2] "The court is not required to delay the disposition of this case until such time, if ever, that [Plaintiff] decides to . . . file the response[s] necessary for the court to adjudicate her claims." *See Thomas v. Comm'r of Soc. Sec. Admin.*, No. 1:18-CV-186, 2018 WL 6737411, at *1 (E.D. Tex. Aug. 28, 2018). Accordingly, a Rule 41(b) dismissal of this case is warranted.[3] *See Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (the Fifth Circuit affirmed the District Court's dismissal of the action based on a failure to prosecute). No less drastic sanction is available here, given Plaintiff's failure to pursue this case.[4]

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE TO THE PARTIES

---

[2] Plaintiff's failure to prosecute this action is also consistent with her untimely challenge to the Administrative Law Judge's denial of her disability benefits. (*See* Tr. 4 (the Appeals Council finding "no good cause" for Plaintiff's "late filing").)

[3] Plaintiff appears to have exhausted her administrative remedies prior to filing this civil action. Specifically, in dismissing Plaintiff's "request for review," the Appeals Council found "no good cause to extend the time for filing and, accordingly, [held that] [t]he Administrative Law Judge's decision stands as the final decision of the Commissioner." (Tr. 4.) The Supreme Court recently explained that "the SSA's Appeals Council—the agency's final decision maker['s]" dismissal "as untimely" of a challenge to the ALJ's unfavorable decision denying benefits is a "'final decision . . . made after a hearing' so as to allow judicial review under § 405(g)." *Smith v. Berryhill*, 587 U.S. 471, 474 (2019).

[4] A copy of this Report will be sent to Plaintiff at the address she provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

The Clerk shall send copies of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on September 10, 2025.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE